Tucker, P.
I do not think it necessary in this case, to decide the question so much argued at’ the bar, as to the levy of an execution on a remainder in personal estate. Admitting the.levy in this case to have been valid, and the sale to have passed to Leslie the interest of M’Coul, it did not pass that interest in severalty; but, on the contrary, it constituted him a tenant in common with the other legatee in remainder, and gave him an undivided moiety in the whole of the slaves, instead of a title in severalty to the particular slaves demanded in the declaration. Unless therefore by some subsequent transaction it can be shewn, that partition was made between the parties, so that each had an absolute right in a distinct moiety at the time the action was brought, it seems sufficiently clear, that the present action cannot be maintained.
*11 Accordingly, it is attempted to be shewn, that the suit in chancery mentioned in the case agreed, has changed the social rights which were vested in Leslie by his purchase, into a distinct and several title to the identical slaves now demanded, which were set apart and allotted, it is said, as the portion of Neil M’Coul. I do not perceive how this can be sustained.
If the suit for a partition had been instituted by Neil M’Coul against his co-legatee, and a decree rendered for a division and for the delivery of the slaves in question to Neil, there might be some color for the pretension that it enured to the benefit of Leslie, who had become the purchaser of his interest, and that the allotment and delivery of possession under it to Neil M’Coul, was, in effect, a delivery of possession in severalty to the plaintiff’s testator. But that is not so. The suit was brought by Briggs, the defendant here, against the two devisees, seeking possession and claiming the property in question in right of Neil M’Coul. Leslie was no party to that suit, and therefore not entitled, as it seems to me, to invoke its aid, if it would avail him. But be this as it may, the decree, so far from being susceptible of sustaining the plaintiff’s demand or perfecting his title, and reducing his social rights to a right in severalty, is an express decree of the property to Briggs. It directs the property of Neil M’Coul, when allotted, to be delivered over to the plaintiff [the defendant in this suit] holding the right of the defendant Neil; and they were so delivered accordingly by the commissioners in pursuance of the decree. It is impossible to torture this decree, into a decree for partition between John M’Coul and Leslie claiming under Neil M’Coul. The decree, it is obvious, is not binding upon Leslie, as he is no party. Neither is it binding, as between Leslie and John M’Coul, upon the latter, since it must bind both or neither. John M’Coul, therefore, still has an undivided interest in the slaves in the declaration mentioned, if Jjeslie’s title to Neil’s interest is a valid one. This being the case, it is clear that Leslie could not maintain this action for the recovery, in severalty, of the slaves *12 in the declaration mentioned; for if he has title, it is to an undivided moiety not only of these slaves but of those -which were allotted by the commissioners to John M’Coul.
I am, therefore, of opinion, that the judgment is right and should be affirmed.
Brooke, J, concurred.